# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RYAN CHEATHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-3211 |
| ACH, et al., ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Ryan Cheatham, a prisoner proceeding pro se, brought this action against several defendants, including Sheriff Dedeke. Plaintiff generally claims that defendants ignored his mental health needs, violating the Eighth Amendment. Sheriff Dedeke filed a motion to dismiss plaintiff's amended complaint (Doc. 89). In his motion, Sheriff Dedeke argues that plaintiff fails to allege his personal participation in the alleged constitutional violations.

When plaintiff moved for leave to amend his complaint, Judge Waxse advised him that the claims against Sheriff Dedeke, as alleged in plaintiff's proposed amended complaint, were futile. Nevertheless, Judge Waxse granted plaintiff leave to amend and add claims against Sheriff Dedeke. Judge Waxse further advised plaintiff that an allegation of personal participation was the missing element in plaintiff's proposed amendment. Specifically, Judge Waxse held, "Plaintiff may amend his Complaint to add facts alleging how Sheriff Dedeke personally demonstrated his deliberate indifference toward Plaintiff's medical care." (Doc. 78 at 4.)

Instead of following Judge Waxse's direction, plaintiff eventually filed the same complaint as the proposed amended complaint that Judge Waxse had reviewed. The amended complaint contains no additional allegations against Sheriff Dedeke. It merely repeats the same conclusory allegations

-1-

against Sheriff Dedeke that Judge Waxse found inadequate to state a claim. This court agrees with Judge Waxse's initial analysis. Plaintiff merely alleges:

- "Sheriff Dedeke is in full control of the operations of the Leavenworth County Jail."

- "Sheriff [Dedeke] is in full operation of the [L]eavenworth County Jail and he was aware of my medical request to see mental health . . . ."

- "Sheriff Dedeke[] and ACH Medical [were] 'Deliberate indifferent, by knowing and disregarding an excessive risk to [plaintiff's] Health and safety."

- "Sheriff [Dedeke] nor ACH Medical from periods 5-14-15 until 7-13-15 (see medical and mental health rounds of Detainee in segregation) took reasonable measures to address the substantial Risk of serious harm Plaintiff faced, knowing Mental Health staff was [not] employed for the periods listed."

These allegations are insufficient to show that Sheriff Dedeke was personally involved with plaintiff's medical care. The allegations are conclusory about Sheriff Dedeke's involvement, and seek to hold him responsible under a theory of respondeat superior. This is impermissible in a § 1983 action such as plaintiff's. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). Plaintiff has failed to show an affirmative link between Sheriff Dedeke and the alleged Eighth Amendment violations, and the court therefore grants Sheriff Dedeke's motion to dismiss.

**IT IS THEREFORE ORDERED** that Sheriff Dedeke's motion to dismiss (Doc. 89) is granted. Sheriff Dedeke is dismissed as a party in this case.

Dated this 31st day of August, 2017, at Kansas City, Kansas.

                                                 **s/ Carlos Murguia**
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**