**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RYAN CHEATHAM,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Case No. 15-3211** |
| **ACH, et al.,** ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Ryan Cheatham, a prisoner proceeding pro se, brought this action against several defendants. The court has dismissed Sheriff Dedeke and the Leavenworth County Sheriff's Department. Now, Melissa Wardrop and Advanced Correctional Healthcare "ACH" remain in the case as defendants. Plaintiff generally claims that defendants ignored his mental health needs, violating the Eighth Amendment. According to plaintiff, defendants' actions led to plaintiff attempting to commit suicide. The case is before the court on a number of motions:

- plaintiff's motion for summary judgment or for partial summary judgment (Doc. 97);
- defendants' motion for summary judgment (Doc. 99);
- plaintiff's motion for leave to file affidavit (Doc. 123);
- defendants' motion for summary judgment on exhaustion (Doc. 125);
- plaintiff's motion to reconsider the dismissal of Sheriff Dedeke (Doc. 129);
- defendants' motion to stay (Doc. 134);
- plaintiff's motion to compel (Doc. 136); and
- plaintiff's motion for leave to file supplemental motion to alter or amend and amend complaint (relating to Sheriff Dedeke) (Doc. 141).

-1-

The court first takes up the two motions relating to defendants' motion for summary judgment on the merits (Docs. 99 and 123), and then the two motions relating to Sheriff Dedeke (Docs. 129 and 141). Based on the court's ruling on these four motions, the remaining motions are denied as moot.

**Motion for Summary Judgment and Motion for Leave to File Affidavit**

First, the court addresses defendants' motion for summary judgment and plaintiff's motion for leave to file an affidavit. Plaintiff seeks to supplement his response to defendants' summary judgment motion with an affidavit admitting or denying facts. Plaintiff attached his proposed affidavit to his motion. The court grants plaintiff leave to file the affidavit, deems it filed, and has considered it when ruling on defendants' motion. As for the summary judgment motion itself, the court rules as follows.

## I.   *Factual Background*

Although the court has considered plaintiff's affidavit as requested, the affidavit contains only conclusory allegations—not facts. It is therefore insufficient to controvert the properly-supported facts offered in support of defendants' motion for summary judgment. The court summarizes the relevant facts below.

At all relevant times, plaintiff was a prisoner serving time in the Leavenworth County Jail. When plaintiff was at another facility (El Dorado) in 2014, he was diagnosed with anxiety and panic attacks. But when plaintiff was booked into Leavenworth County Jail on April 15, 2015, plaintiff's behavior did not suggest a risk to staff, inmates, or himself. Plaintiff underwent several mental examinations, but he consistently had a normal mood and affect. And plaintiff repeatedly denied having suicidal or homicidal ideation when seen by health care providers in the time leading up to and following plaintiff's alleged suicide attempt.

Plaintiff complained of high anxiety, panic attacks, and left lung pain on April 22, 2015. A nurse practitioner checked on plaintiff that day and recorded no mental status concerns. Defendant

Wardrop, a licensed practical nurse employed by ACH, saw plaintiff the next day, and plaintiff complained of anxiety. He also began kicking the door and verbally abusing defendant Wardrop, who reported the incident to the nurse practitioner. The nurse practitioner determined that no new orders were necessary. Later that afternoon, plaintiff yelled at officers to be seen for anxiety and panic attacks. The nurse practitioner was notified, but she did not enter any orders. In the following days through May 14, staff conducted medical and mental health rounds, checking on plaintiff in segregation nearly every day, but consistently noted no mental status concerns.

Plaintiff complained of an anxiety and panic attack on May 17. Defendant Wardrop examined plaintiff and diagnosed him with ineffective coping. The nurse practitioner determined that no new orders were necessary. The next day, defendant Wardrop requested plaintiff's medical history from the El Dorado correctional facility. She spoke with the record keeper at El Dorado, who advised her that plaintiff's mental health medications were Nortriptyline, Remeron, Norvasc, and Paxil. Defendant Wardrop advised the nurse practitioner of the medications, and the nurse practitioner ordered Paxil. Plaintiff refused Paxil, saying he only wanted Wellbutrin that a friend gave him.

On June 15, plaintiff asked to be seen for mental health. Defendant Wardrop saw him, but any symptoms appeared to be connected to a vigorous workout. A deputy told defendant Wardrop that plaintiff had said he wanted to "play games to break the jail staff." On July 4, plaintiff requested to see "mental health." Defendant Wardrop responded that plaintiff was playing games. She wrote that she would continue to monitor him. On July 5, defendant Wardrop noted that plaintiff repeatedly requested to be seen, but then did not comply with the examinations. She further noted that plaintiff's actions seemed to be behavioral.

On July 6, defendant Wardrop examined plaintiff and assessed him for self-cutting. She advised the nurse practitioner, who ordered leaving the injuries open to the air so they could scab over,

monitoring, no razors, returning if necessary, and keeping the cuts clean with soap and water. In the following days, defendant Wardrop saw plaintiff numerous times. Plaintiff engaged in disruptive behavior, and he was kept on suicide watch until he was free of such behavior for two days.

In the days, weeks, and months after plaintiff's alleged suicide attempt, plaintiff requested to be seen by mental health a number of times. He never endorsed suicidal ideations. He was continually seen, examined, assessed, and treated. A licensed clinical psychologist ("LCP") diagnosed plaintiff with adjustment disorder with anxiety, antisocial personality disorder, and narcissistic personality. Plaintiff wanted to be diagnosed with bipolar disorder, but there was no record of him being diagnosed as such by the KDOC and the LCP did not believe that plaintiff presented with any symptoms consistent with bipolar disorder.

## II.     *Legal Standards*

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Where, as here, the plaintiff proceeds pro se, the court construes the pro se filings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). On the other hand, a plaintiff's pro se status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

## III.    *Discussion*

Whether plaintiff is entitled to relief depends on whether defendants showed deliberate indifference to plaintiff's medical (in this case, mental health) needs. *Armstrong v. Shawnee Cnty. Jail*, No. 08-03185-SAC, 2008 WL 4001456, at *1 (D. Kan. Aug. 26, 2008) (stating that a prison official's deliberate indifference to a serious medical need violates a prisoner's or pretrial detainee's constitutional rights) (citation omitted). Deliberate indifference to a prisoner's serious medical needs contains both a subjective and an objective component. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). For the objective component, this court requires that the medical need be sufficiently serious, which is a category that has been defined to include a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotations omitted).

As for the subjective component, a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Rauh v. Ward*, 112 F. App'x 692, 694 (10th Cir. 2004) (citing *Hunt*, 199 F.3d at 1224). Plaintiffs need not show that a prison official acted or failed to act believing that harm actually would occur to an inmate; rather, "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Moreover, whether a prison official had the requisite knowledge of a substantial risk is a question of fact, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. *Id*.

Plaintiff cannot meet the objective component of deliberate indifference. He has alleged no more than a disagreement with defendant Wardrop's treatment of him. He has not provided evidence that a mental health provider determined that he should be on additional medications or handled in a

different manner. To the contrary, defendant Wardrop repeatedly sought guidance from a nurse practitioner and followed directions. The nurse practitioner ordered Paxil for plaintiff, but plaintiff refused Paxil and said he wanted another medication—one that El Dorado did not tell defendant Wardrop that plaintiff was prescribed. "A prisoner's right is to medical care—not to the type or scope of medical care he personally desires." *Dalton v. Aulepp*, No. 13-3089-SAC, 2015 WL 728490, at *9 (D. Kan. Feb. 19, 2015).

Plaintiff's medical records show that he was a frequent user of medical services—whether from defendant Wardrop or other medical providers. In fact, many of the health care decisions were not made by defendant Wardrop at all. But she repeatedly examined plaintiff and recommended changes for coping. There exists no objective evidence supporting plaintiff's assessment of his mental condition and needs.

Plaintiff also cannot meet the subjective component. There is no evidence suggesting that defendant Wardrop knew that plaintiff faced a substantial risk of harm and disregarded that risk. Instead, the uncontroverted evidence shows that defendant Wardrop evaluated plaintiff and treated his conditions. She did not intentionally refuse to treat him or ignore his mental health complaints. She noted that plaintiff was playing games, per his own past statement and behavior, but there is nothing in the record to indicate that defendant Wardrop should have anticipated that plaintiff would cut himself. Each time defendant Wardrop saw plaintiff, she evaluated his condition and requested assistance as needed. At no point prior to plaintiff's alleged attempted suicide did he appear suicidal. There is no evidence in the record reasonably suggesting that defendant Wardrop acted with subjective deliberate indifference.

The court also dismisses defendant ACH. First, ACH is not a "person" to be sued in a § 1983 action. *See Livingston v. Correct Care Sols.*, No. 07–3256–SAC, 2008 WL 1808340, at *1 (D. Kan.

April 17, 2008). To the extent that plaintiff brings his claims against ACH based on the actions of its employee(s), plaintiff's claim fails because a corporate defendant may not be liable under § 1983 based on respondeat superior. *Smedley v. Corrs. Corp. of Am.*, 175 Fed. App'x 943, 946 (10th Cir. 2005). A private corporation performing a government function is liable under § 1983 only where a plaintiff shows "1) the existence of a . . . policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Hinton v. City of Elwood*, *Kan*., 997 F.2d 774, 782 (10th Cir. 1993); *Smedley*, 175 Fed. App'x at 946. Plaintiff has alleged neither of these. The court therefore grants summary judgment for defendant ACH, as well.

## Motion to Reconsider and to Supplement or Amend

Next, the court considers the two motions relating to Sheriff Dedeke. Plaintiff asks the court to reconsider its order dismissing Sheriff Dedeke and allow plaintiff to amend his complaint to detail his allegations against Sheriff Dedeke. There are a few problems with these requests. First, plaintiff has not met the standard for reconsideration. Reconsideration of an order "is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence." *Skepnek v. Roper & Twardoswky, LLC*, No. 11-4102-KHV, 2012 WL 5907461, at *1 (D. Kan. Nov. 26, 2012). Plaintiff has not made any of these showings. He claims that the dismissal was the result of mistake, inadvertence, surprise or excusable neglect. But Judge Waxse advised plaintiff that the allegations against Sheriff Dedeke were inadequate when he first allowed plaintiff to amend his complaint. Plaintiff did not alter those allegations, but instead seeks to change them now. Judge Waxse's order was clear. Plaintiff had the opportunity to amend his proposed amended complaint, but he neglected to do so. Plaintiff's failure to grasp the significance of using the proposed amended complaint without alteration does not justify reinstating Sheriff Dedeke as a defendant in this case.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file an affidavit (Doc. 123) is granted.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment on the merits (Doc. 99) is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to reconsider (Doc. 129) and motion for leave to file supplemental motion to alter or amend and amend complaint (Doc. 141) are denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Doc. 97); defendant's motion for summary judgment on exhaustion (Doc. 125); plaintiff's motion to compel (Doc. 136); and defendants' motion to stay (Doc. 134) are all denied as moot.

The case is closed.

Dated this 30th day of October, 2017, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**